UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| LOUISIANA DEPARTMENT OF TRANSPORTATION & DEVELOPMENT, ET AL. | CIVIL ACTION NO. 15-2638 |
| VERSUS | JUDGE ROBERT G. JAMES |
| UNITED STATES DEPARTMENT OF TRANSPORTATION, ET AL. | MAG. JUDGE JAMES D. KIRK |

## RULING

On November 6, 2015, Plaintiffs State of Louisiana through the Department of Transportation and Development ("LaDOT"), Willie Jenkins, John H. Eason, Pam Higginbotham, Michael Murphy, John Gassoway, Bernard Sincavage, and Barry Lacy (collectively "Plaintiffs") filed this lawsuit against Defendants the United States Department of Transportation ("USDOT"); Anthony Foxx in his capacity as the Secretary of USDOT; the Federal Highway Administration ("FHWA"); Gregory G. Nadeau in his official capacity as the Federal Highway Administrator; and Ailya Zaidi in her official capacity as agency counsel (collectively "Defendants"). The LaDOT seeks declaratory relief that the FHWA's denial of a request for testimony by a former employee violated the Administrative Procedures Act ("APA") because it was arbitrary, capricious, an abuse of discretion, not in accordance with law, and in excess of its statutory right.

Additionally, the LaDOT seeks injunctive relief enjoining the FHWA from prohibiting the former employee's testimony at a state court trial. Because trial in the underlying case is currently taking place, the Court is considering LaDOT's request for a preliminary injunction on an expedited

basis.

Defendants deny that Plaintiffs are entitled to injunctive relief, contending that the FHWA acted within its authority under *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), and the regulations promulgated thereunder.

On November 9, 2015, the Court held a telephone status conference with counsel for all parties. They agreed that a hearing was unnecessary, and the Court could rule on the request for a preliminary injunction on the record. Thus, the Court required the parties to file simultaneous briefs no later than November 12, 2015.

After review of the briefs, the Court held a second status conference on November 17, 2015. At that time, the Court granted the Government leave to file a supplemental brief on the issue of whether the USDOT exceeded its statutory authority by promulgating regulations which may prevent former employees from testifying.

For the following reasons, Plaintiffs' request for a preliminary injunction is GRANTED to the limited extent set forth below.

**I.      PERTINENT FACTS AND PROCEDURAL HISTORY**

Plaintiffs in this suit are named as defendants in a lawsuit which is currently being tried in state court, *Jeff Mercer, L.L.C. v. State of Louisiana, through the Department of Transportation and Development, Willis Jenkins, John H. Eason, Pam Higginbotham, Michael Murphy, Greg Wall, Ronald Branham, Ron Hendrickson, Michael Gallman, John Gasaway, Bernard Sincavage, and Barry Lacy*, Fourth Judicial District Court, Parish of Ouachita, State of Louisiana, Docket No. 07-3151 ("the Underlying Case"). Jury selection in the Underlying Case began on November 9, 2015.

Plaintiff in the Underlying Case is Jeff Mercer L.L.C. Jeff Mercer ("Mercer") is the sole member and manager of Jeff Mercer L.L.C.[1] Mercer was qualified as a Disadvantaged Business Enterprise ("DBE") under the LaDOT's DBE program. He was hired as a subcontractor by Diamond B, the contractor on the LaDOT Louisville Street Project, for the "removal of concrete walks, removal of concrete, adjustment of manholes and catch basins, and rebuilding the concrete walks and curbs." [Doc. No. 1, ¶ 10 (internal quotation marks omitted)]. Mercer alleges that a LaDOT inspector attempted to solicit bribes from him during the project. Mercer allegedly refused to give the bribes and reported the inspector to officials at the LaDOT. After the report, Mercer claims the LaDOT and named employees/defendants in the Underlying Case retaliated against him as a DBE. Although he also filed a written complaint that he was being discriminated against as a DBE, Mercer alleges that the LaDOT did nothing to address his complaints. He claims that the retaliation and discrimination he suffered damaged his relationship with contractors, so that he was prevented from working on State projects, that he lost millions of dollars and that he was eventually forced to close his business. As a result, he seeks monetary damages from Plaintiffs in this case.

The DBE program is administered by the LaDOT, in accordance with USDOT and FHWA regulations. In defense, LaDOT alleges that Mercer's complaints were forwarded to the FHWA and investigated by a former FHWA Assistant Division Administrator, Joe Bloise ("Bloise"). According to LaDOT, Bloise and Mercer communicated directly about the complaints.

On July 31, 2015, counsel for LaDOT issued a subpoena for Bloise's testimony at trial, which was then scheduled for August 31, 2015. On August 19, 2015, Defendant Ailya Zaidi ("Zaidi"),

---

[1] The Court will use Mercer to refer interchangeably to Mercer individually or his business.

3

FHWA counsel, wrote to LaDOT's counsel requesting that he withdraw the subpoena and submit a *Touhy* request.

On August 20, 2015, LaDOT's counsel sent a *Touhy* letter to FHWA counsel, requesting that FHWA produce Bloise to testify at trial. LaDOT explained that it sought Bloise's testimony on his "personal involvement with the complaints of [Mercer, and] his interaction with . . . Mercer . . . and the employees of the [LaDOT]." [Doc. No. 1-2, Exh. 2]. LaDOT further explained that Mercer "asserts that no one attempted to protect him from the [LaDOT] and the only way to establish to a jury otherwise is through the personal appearance testimony of . . . Bloise." *Id.*

On September 4, 2015,[2] counsel for the USDOT wrote to counsel for LaDOT denying the *Touhy* request on the following bases:

> The purposes of the DOT's Part 9 include conserving the time of employees for conducting official business, minimizing the possibility of involving the agency in controversial issues not related to its mission; maintaining the impartiality of the agency; avoiding spending the time and money of the United States for private purposes; and protecting confidential, sensitive information and the deliberative processes of the agency. See 49 C.F.R. § 9.1(b). Section 9.9(b)(4) provides that in legal proceedings between private litigants, "[t]he employee shall not testify as to facts when agency counsel determines that the testimony would not be in the best interest of the Department or of the United States if disclosed." The term "legal proceedings between private litigants" is defined, for purposes of these regulations, as "any legal proceeding in which neither the [DOT] nor the United States is a party." 49 C.F.R. § 9.3. Per these regulations FHWA's policy is not to allow our employees to testify in disputes between private litigants, especially where a state agency is a party. . .
>
> . . . .
> Mr. Bloise is not authorized to testify. Neither the U.S. Department of Transportation nor the United States is a party to this litigation. Allowing Mr. Bloise to testify in this matter is a deviation from FHWA's core mission. Testimony from Mr. Bloise could serve to embroil FHWA in any number of related or even unrelated controversies, which could well impact our ability to carry out our core mission.

---

[2]The August 31, 2015 trial date was continued.

> As such agency counsel may permit an exception from this restriction under limited circumstances when (1) the exception is necessary to prevent a miscarriage of justice, (2) the Department has an interest in the decision that may be rendered in the legal proceeding, or (3) the exception is in the best interest of the United States. 49 C.F.R. 9.1(c). Based on the information you have provided under 49 C.F.R. § 9.15, it does not appear that any of these three exceptions apply. . . .

[Doc. 1-4, Exhibit 3].

Counsel for LaDOT did not withdraw its subpoena for Bloise's appearance at trial. Therefore, FHWA's counsel wrote to LaDOT's counsel confirming that Bloise would not appear for trial as he was not authorized to testify.

This APA lawsuit followed. Plaintiffs seek reversal of the agency decision and ask the Court to permit the testimony of Bloise at the ongoing trial. Defendants oppose Plaintiffs' request, contending that the Court should uphold the FHWA's denial under the appropriate standard of review.

Following the second status conference on November 17, 2015, Plaintiffs submitted a records request to the FHWA. The FHWA has since provided the unredacted records to Plaintiffs. Defendants note that the records contain an April 11, 2014 letter to Mercer advising him that his complaints against the LaDOT were not within the FHWA's jurisdiction, the USDOT's Office of the Inspector General was the appropriate agency, and that his letter had been forwarded to that agency. [Doc. No. 9, Exh. B].

**II.    LAW AND ANALYSIS**

    **A.    Administrative Procedures Act**

In *Touhy*, 340 U.S. at 467-68, the United States Supreme Court upheld the validity of regulations promulgated by the head of a federal agency pursuant to the authority of the federal

housekeeping statute, 5 U.S.C. § 301 (then § 22) and that a court could not enforce a subpoena duces tecum against an agency employee to produce documents who had been ordered not to do so by his superiors. As the Supreme Court explained:

> When one considers the variety of information contained in the files of any government department and the possibilities of harm from unrestricted disclosure in court, the usefulness, indeed the necessity, of centralizing determination as to whether subpoenas duces tecum will be willingly obeyed or challenged is obvious. Hence, it was appropriate for the Attorney General, pursuant to authority given him by 5 U.S.C. § 22 [now § 301] to prescribe regulations not inconsistent with law for "the custody, use, and preservation of the records, papers, and property appertaining to" the Department of Justice . . . .

*Id.* at 468. Executive agencies may also promulgate regulations regarding the testimony of employees. *See Westchester General Hosp. Inc. v. Dep't of Health and Human Servs.*, 443 Fed.Appx. 407, 409 n. 1 (11th Cir.2011) ("Pursuant to the federal 'housekeeping statute,' 5 U.S.C. § 301, executive agencies may promulgate regulations concerning testimony by agency employees.") (citing *Touhy*, 340 U.S. at 469–70; *Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1196–97 (11th Cir.1991)). Such federal regulations pertaining to the release of documents or information, including through testimony, have become known as *Touhy* regulations.

However, *Touhy*'s rationale was undermined by *United States v. Reynolds*, 345 U.S. 1, 9-10 (1953), when the Supreme Court considered a claim of governmental privilege, noting that "[j]udicial control over the evidence in a case cannot be abdicated to the caprice of executive officers." The *Touhy* holding was also weakened by a 1958 amendment to the housekeeping statute, which added the language, "This section does not authorize withholding information from the public or limiting the availability of records to the public."

In this case, the USDOT has promulgated regulations which address the conduct of

employees and former employees and address the disclosure of its records, papers, and property. Plaintiffs challenge FHWA's decision to refuse to allow Bloise, a former employee, to testify. The Court's review of a challenge to an agency decision with regard to the disclosure of information is governed by the Administrative Procedures Act ("APA"), 5 U.S.C. § 706, *et seq.*. *See Hasie v. Office of Comptroller of the United States*, 633 F.3d 361, 365 (5th Cir. 2011).[3] Under the APA, the reviewing court decides "all relevant issues of law, interpret[s] constitutional and statutory provisions, and determine[s] the meaning or applicability of the terms of an agency action." 5 U.S.C. § 706. The court reviews the "whole [administrative] record[,]" but that review is limited to a determination as to whether the agency's decision is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *See* 5 U.S.C. § 706; 5 U.S.C. § (2)(A); *Menard v. Federal Aviation Administration*, 548 F.3d 353, 357 (5th Cir. 2008). Under this highly deferential standard, the reviewing court may not "substitute its judgment for that of the agency." *Hasie*, 633 F.3d at 365 (citing *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). "Nevertheless, the agency must examine the relevant data and articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'" *State Farm*, 463 U.S. at 43 (quoting *Burlington Truck Lines v. United States*, 371 U.S. 156, 168 (1962)).

**B.** **Preliminary Injunctive Relief**

Against this backdrop and at this stage of the litigation, the Court considers whether Plaintiffs

---

[3]Section 702 of the APA constitutes a waiver of sovereign immunity which provides for a cause of action against federal agencies for non-monetary relief. *Alabama-Coushatta Tribe of Tex. v. U.S.*, 757 F.3d 484, 488-89 (5th Cir. 2014).

are entitled to preliminary injunctive relief.[4] In determining whether to grant or deny a preliminary injunction, the Court applies a four-part test:

    (1)    a substantial likelihood that plaintiff will prevail on the merits;

    (2)    a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted;

    (3)    that the threatened injury to plaintiff outweighs the threatened harm the injunction may do to the defendant; and

    (4)    that granting the preliminary injunction will not disserve the public interest.

*Canal Authority of State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974); *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009) (citation omitted). "A preliminary injunction is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors." *Allied Marketing Group, Inc. v. CDL Marketing, Inc.*, 878 F.2d 806, 809 (5th Cir. 1989). "In each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S.Ct. 365, 376, 172 L.Ed.2d 249 (2008) (quoting *Amoco Prod. Co. v. Vill. of Gambell, Alaska*, 480 U.S. 531, 542 (1987)). Failure of the movant to establish any one of the four factors defeats the right to injunction. *Enterprise Intern., Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985) (citation omitted). ("[I]f the movant does not succeed in carrying its burden on any one of the four prerequisites, a preliminary injunction may not issue and, if issued, will be vacated on appeal.").

---

[4] Given the nature of the relief requested and the fact that the trial is currently taking place, the Court is aware, however, that its decision on this request may effectively resolve the issues in the case. The Court's ruling is limited to a determination of the injunction request. The Court does not address Plaintiffs' other claims or Defendants' contention that Ailya Zaidi is an improper Defendant.

The Court finds that, in this case, Plaintiffs are entitled to subpoena Bloise to testify because the enabling statute does not authorize the USDOT to prescribe regulations on the conduct of former employees. To this extent, Plaintiffs have shown a likelihood of success on the merits, that irreparable harm will result, that any threatened injury to Defendants is outweighed by the harm to Plaintiffs, and that allowing Bloise to testify will not disserve the public interest. Plaintiffs' request for a preliminary injunction to permit them to enforce their subpoena is GRANTED.

However, it is undisputed, that, at the time this action was filed, Plaintiffs requested only Bloise's testimony. There has been no challenge to USDOT's authority to prescribe regulations on the custody, use, and preservation of its records, papers, and property. Although unredacted records have since been released to Plaintiffs, the Court's Ruling does not affect the ability of Defendants to rely on *Touhy* to limit or preclude the production of or use of those records in the testimony of former employees generally. Further, to the extent that there is any privileged or confidential information, the Court's Ruling does not affect Defendants' rights to prevent the disclosure of such information during Bloise's testimony.

Under 5 U.S.C. § 301, "[t]he head of an Executive department . . . may prescribe regulations for the government of his department, **the conduct of its employees**, the distribution and performance of its business, **and the custody, use, and preservation of its records, papers, and property**." (emphasis added). However, "[t]his section does not authorize withholding information from the public or limiting the availability of records to the public." *Id.*

Pursuant to this general housekeeping statute, the USDOT has promulgated *Touhy* regulations applicable to its agencies, including FHWA.[5] *See* 49 C.F.R. Part 9. Section 9.9 governs

---

[5]The FHWA is an agency within the USDOT.

the authorization of testimony in litigation in which the United States is not a party and provides in pertinent part:

> In legal proceedings between private litigants:
>
> (a) The proper method for obtaining testimony or records from an employee is to submit a request to agency counsel as provided in §§ 9.13 and 9.15 of this part, not to serve a demand on the employee. Whenever, in a legal proceeding between private litigants, an employee is served with a demand, or receives a request, to testify in that employee's official capacity or produce records, the employee shall immediately notify agency counsel.
>
> (b) If authorized to testify pursuant to these rules, an employee may testify only as to facts within that employee's personal knowledge with regard to matters arising out of his or her official duties.
> . . .
>
> (2) The employee shall not testify to facts that are contained in a report, or any part of a report, unless the employee has obtained permission from agency counsel to disclose the information.
>
> (3) The employee shall not disclose confidential or privileged information unless the employee has obtained permission from agency counsel to disclose the information.
>
> (4) The employee shall not testify as to facts when agency counsel determines that the testimony would not be in the best interest of the Department or the United States if disclosed.
>
> . . .
>
> (d) An employee shall not provide testimony at a trial or hearing. An employee's testimony shall be limited to a single deposition, affidavit, or set of interrogatories, concerning the circumstances (e.g. an accident) from which the proceeding arose. Where multiple legal proceedings concerning those circumstances are pending, or can occur, it shall be the duty of the private litigant seeking the testimony to ascertain, to the extent feasible, the identities of all parties, or potential parties, to those proceedings and notify them that a deposition has been granted and that they have the opportunity to participate. The private litigant shall submit an affidavit or certification describing the extent of the search for parties and potential parties and listing the names of the parties and potential parties notified.

    (e)    Where an employee has already provided testimony, any party wishing to obtain further testimony from that employee concerning the same matter or occurrence, whether in the same or a different private legal proceeding, may submit a request to agency counsel to waive the restrictions of paragraph (d) of this section. The request shall, in addition to meeting the requirements of § 9.15 of this part, state why the requester should be permitted to gather additional information despite not having previously requested the information when it had an opportunity to do so, and why the additional testimony is now required and the prior testimony or previously supplied documents are insufficient.

49 C.F.R. § 9.9. An employee by definition includes a former employee. 49 C.F.R. § 9.3.

Under 49 C.F.R. § 9.1, the purposes of the regulations include:

(1)    Conserve the time of employees for conducting official business;

(2)    Minimize the possibility of involving the Department in controversial issues not related to its mission;

(3)    Maintain the impartiality of the Department among private litigants;

(4)    Avoid spending the time and money of the United States for private purposes; and

(5)    To protect confidential, sensitive information and the deliberative processes of the Department.

Plaintiffs do not claim that USDOT's regulations exceed the authority granted by 5 U.S.C. § 301 generally and admit that agency *Touhy* decisions are generally upheld. However, Plaintiffs argue that (1) the *Touhy* regulations as applied to Bloise are not authorized by law and (2) the FHWA's decision in this case was arbitrary and capricious because it was grounded only in a general policy and boilerplate assertions.[6]

Federal *Touhy* regulations which are not in accordance with law or which exceed the agency's statutory authority cannot be upheld. 5 U.S.C. § 706(2)(A) and (C). In this case, Plaintiffs

---

[6]Given the Court's conclusions, the Court need not reach the second argument.

argue that the application of the otherwise valid regulations exceed the USDOT's statutory authority and are not in accordance with law because they extend to former employees, as well as current employees. They contend that this extension of the regulations cannot survive view under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984).[7]

Section 301 permits the agency head, in this case the USDOT, to prescribe regulations for the "conduct of its employees." Plaintiffs argue that the USDOT had no authority to extend the unambiguous term "employees" to include former employees.

There is no binding precedent addressing whether agency heads have the authority to extend *Touhy* regulations to apply to the testimony of former employees. Indeed, there is little case law on this issue at all,[8] despite the existence of other agency regulations applying to both current and former employees. *See, e.g.,* 22 C.F.R. § 172.1(b) (for the Department of State, "the term employee includes . . . all employees and former employees of the Department of State or other federal agencies who are or were appointed by, or subject to the supervision, jurisdiction, or control of the Secretary of State or his Chiefs of Mission . . . ."); 32 C.F.R. § 97.3(b) (for the Department of Defense, "[Department of Defense] Personnel. Present and former U.S. military personnel; Service

---

[7]Based on the telephone status conference with counsel, the Court did not anticipate Plaintiffs' *Chevron* challenge to the application of the USDOT regulations to former employees. Because the parties filed simultaneous briefs, Defendants did not offer argument on this issue. The Court allowed the Government to respond, however, in a second telephone conference.

[8]*See Forgione v. HCA, Inc.*, 954 F.Supp.2d 1349, 1354 n.5 (N.D. Fla. 2013) (Noting that "there is no case law affirmatively holding that *Touhy* regulations do not apply to an agency's former employees[,]" but declining to "reach the question."); *see also United States v. Bizzard*, 674 F.2d 1382, 1387 (11th Cir. 1982) (applying *Touhy* regulations to quash a subpoena to call a former employee of the Department of Justice as a witness in a criminal trial and rejecting defendant's arguments that the regulations violated the Fifth and Sixth Amendments, but without considering whether the Department of Justice had the statutory authority to apply the regulations to prevent the testimony of former employees).

Academy cadets and midshipmen; and present and former civilian employees of any Component of the Department of Defense . . . ."); 32 C.F.R. § 1905.2(c) (for the Central Intelligence Agency, "[e]mployee means any officer, any staff, contract, or other employee of CIA; any person including independent contractors associated with or acting on behalf of CIA; and any person formerly having such a relationship with CIA."); 45 C.F.R. § 2.2 (for the Department of Health and Human Services, "Employee of the Department includes current and former: (1) Commissioned officers in the Public Health Service Commissioned Corps, as well as regular and special DHHS employees (except employees of the Food and Drug Administration), when they are performing the duties of their regular positions . . . ."). [9]

Nevertheless, the Fifth Circuit has instructed courts on the proper procedure for *Chevron* review:

> When reviewing an agency's construction of a statute, [the Court must] apply Chevron's two-step analysis. Under step one, where "Congress has directly spoken to the precise question at issue," we must "give effect to the unambiguously expressed intent of Congress" and reverse an agency interpretation that does not conform to the plain meaning of the statute. *Chevron*, 467 U.S. at 842–43, 104 S.Ct. 2778. If the statute is silent or ambiguous as to the question at issue, we proceed to the second step of the Chevron analysis to determine "whether the agency's answer is based upon a permissible construction of the statute." *Id.* at 843, 104 S.Ct. 2778.

*Texas Coalition of Cities for Utility Issues v. F.C.C.*, 324 F.3d 802, 806-07 (5th Cir. 2003).

In this case, the term "employee" is defined by BLACK'S LAW DICTIONARY (10th ed.)(2014) as "Someone who works in the service of another person (the employer) under an express or implied contract of hire, under which the employer has the right to control the details of the work performance." A "public employee" is defined, using the same definition for a "civil servant," as

---

[9] Defendants cite other agencies in their supplemental memorandum. *See* [Doc. No. 9, pp. 4-5].

"Someone employed in a department responsible for conducting the affairs of a national or local government." *Id.* Thus, the term "employee," in its common usage, contemplates someone who works, i.e, currently works, or is currently employed, not someone retired from employment.

While the Court recognizes the interests and concerns raised by the FHWA in its response to Plaintiffs' *Touhy* request, the Court is bound by the plain terms of the enabling statute. The term "employees" is not ambiguous, and, thus, USDOT has no authority to extend that definition to the conduct of former employees. *See Gulf Oil Corp. v. Schlesinger*, 465 F. Supp. 913, 917 (E.D. Pa. 1979) (Noting that "counsel for [Department of Energy] defendants conceded at oral argument [that its regulations were] based upon 5 U.S.C. § 301, which on its face applies only to employees and not former employees of government agencies and departments" and refusing to apply those regulations to two former employees); *Gulf Group Gen. Enterprises Co. W.L.L. v. United States*, 98 Fed. Cl. 639, 644 (Fed. Cl. 2011) ("[T]he language of the statute at 5 U.S.C. § 301 authorizes prescribing regulations for 'the conduct of its employees,' that is, present employees."). Accordingly, having shown a likelihood of success on the merits, Plaintiffs can enforce their subpoena to the extent permitted under state law.

Defendants argue that the housekeeping statute also enables federal agencies to "prescribe regulations" for the "custody, use, and preservation of its records, papers, and property" and that the regulations on the testimony of former employees in private litigation fall within this provision. While the Court is sympathetic to Defendants' position, testimony involves the "conduct" of a former employee, not necessarily the disclosure of records, papers, or properties. Further, the Court's Ruling does not affect the authority of the USDOT under the housekeeping statute to regulate the information contained in its records to prevent "the possibilities of harm from

unrestricted disclosure in court." *Touhy*, 340 U.S. at 468; *see also Golden Pacific Bancorp v. FDIC*, No. Civ. A. 99-3799, 1999 WL 1332312 (D. N.J. Nov. 10, 1999) (Quashing a subpoena of a former Office of the Comptroller of Currency ("OCC") employee under Federal Rule of Civil Procedure 45 because plaintiff could be required to submit an administrative request to the OCC, so that a determination could be made as to whether the deposition would entail the release of non-public information).

Further, for purposes of a preliminary injunction, Plaintiffs have specifically set forth their need for the testimony of Bloise and that his testimony cannot be provided by any other witness. Although Defendants have presented evidence that the FHWA was not the appropriate investigating agency, and Bloise, thus, did not have authority to investigate Mercer's complaints, those facts do not negate Plaintiffs from presenting a defense, for example, that they *believed* Bloise to be investigating or that Mercer's communications about his complaints were to Bloise, not to LaDOT officials. They have demonstrated irreparable harm if they are not allowed to seek to enforce their subpoena for Bloise's testimony in state court.

Given the Court's finding that the USDOT had no authority to apply its *Touhy* regulations to prevent former employees from testifying, the public interest "in having public employees cooperate in the truth seeking process by providing testimony useful in litigation" will not be disserved by the granting of this injunction. *See Davis Enterprises v. United States E.P.A.*, 877 F.2d 1181, 188 (3d Cir. 1989). Further, the public interest in the preservation of confidential or sensitive information in agency records is addressed by the unchallenged *Touhy* regulations addressing the disclosures of the records and/or information contained therein.

Finally, the Court has considered and weighed the harm to the USDOT and FHWA. The

Court finds that the harm, at least on the facts presented to the Court at this stage of the ligation, will be mitigated by the likely limits of Bloise's testimony. Defendants assert that as an Assistant Division Administrator, Bloise was not authorized to conduct "investigations," and, particularly, he was not authorized to investigate Mercer's complaints of retaliation and discrimination against LaDOT. Defendants further assert that Bloise was not authorized to make any decision as to Mercer or LaDOT with regard to Mercer's complaints. Defendants have provided unredacted records to Plaintiffs, which suggest that little, if any, sensitive or confidential information is at issue. Finally, the USDOT and the FHWA have the authority to address any potential remaining issues regarding FHWA records or information under the unchallenged *Touhy* regulations.

### III. CONCLUSION

The Court is loathe to intrude on the functioning of federal agencies and their legitimate need to protect their records, papers, property from disclosure. However, the Court is also bound by the limits of the agencies' statutory authority and the countervailing interests of the discovery process. Therefore, for the foregoing reasons, Plaintiffs' request for a preliminary injunction [Doc. No. 1] is GRANTED to the extent they seek to enjoin Defendants from prohibiting Bloise's testimony in the Underlying Case based on the *Touhy* regulations.[10] The Court's Ruling does not affect Defendants'

---

[10]The Court's analysis is limited to the precise federal issues before it. The Court's ruling does not foreclose Bloise or Defendants from raising any appropriate arguments in state court, including whether the subpoena was properly issued or can be enforced under state procedural rules.

16

rights on the production or use of FHWA documents or information contained therein.

MONROE, LOUISIANA, this 20th day of November, 2015.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE